```
          UNITED STATES BANKRUPTCY COURT
         EASTERN DISTRICT OF NORTH CAROLINA
                 FAYETTEVILLE DIVISION
```

IN RE:                                           CASE NO.

ANNETTE VINDUM                                   05-08201-8-ATS

      DEBTOR

## ORDER DENYING MOTION FOR RELIEF FROM STAY

The matter before the court is the motion for relief from the automatic stay filed by Deutsche Bank National Trust Company.  A hearing took place in Raleigh, North Carolina on February 1, 2006.

Annette Vindum filed a petition for relief under chapter 13 of the Bankruptcy Code on October 4, 2005.  Ms. Vindum is the co-owner of real property located at 5440 Granger Place, Fayetteville, North Carolina. The other co-owner, William J. Hagler, has filed three bankruptcy petitions in this court, the most recent one on January 6, 2005.  On June 28, 2005, an order was entered dismissing Mr. Hagler's most recent case with prejudice and granting Long Beach Mortgage Company, Deutsche Bank's predecessor in interest, *in rem* relief from the automatic stay. Deutsche Bank proceeded with foreclosure of the Granger Place property, and conducted a foreclosure sale on October 5, 2005. Relying on its *in rem* relief, Deutsche Bank seeks an order from this court finding that no stay was imposed by Ms. Vindum's filing and validating the foreclosure sale.

Ms. Vindum contends that she did not have notice of Deutsche Bank's request for *in rem* relief in Mr. Hagler's case, nor did she receive a copy of the order. She further contends that even if she had received the Objection to Confirmation and Motion to Dismiss with Prejudice, or for *In Rem* Relief, she would not have been on notice that the request for *in rem* relief would apply to her interest in the property. Ms. Vindum asserts that she received no due process with respect to the order allowing *in rem* relief, that the stay did go into effect when she filed her petition, and that the foreclosure sale violated the automatic stay and should not be validated.

This court previously considered the rights of a co-owner when an *in rem* order is entered in a separate bankruptcy case filed by another co-owner in In re Harris, Case. No. 04-01644-5-ATS (Bankr. E.D.N.C. June 6, 2005). In that case, the court observed that some courts have held that non-debtor co-owners must be served with a summons naming them as defendants in an adversary proceeding if their rights in property are to be subjected to limitation through an order providing *in rem* relief. Harris at 2 (citing In re Snow, 201 B.R. 968, 976 (Bankr. C.D. Ca. 1996); In re Amey, 314 B.R. 864, 870-71 (Bankr. N.D. Ga. 2004)). On the other hand, a bankruptcy court may, pursuant to 11 U.S.C. § 105, grant *in rem* relief where the debtor and non-debtor co-owner have abused the bankruptcy process with successive "tag-team" filings designed to frustrate a secured creditor's foreclosure rights.

2

Harris at 2 (citing In re Price, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004)). Ultimately, this court concluded that because *in rem* relief is an extraordinary remedy, "[t]he request for *in rem* relief must be clear and unequivocal and the order granting the relief must clearly specify the effect of the *in rem* relief granted." Harris at 3.

In Mr. Hagler's case, the request for *in rem* relief was contained in a document entitled "Objection to Confirmation and Motion to Dismiss with Prejudice, or for *In Rem* Relief." The request for *in rem* relief appears in two places: paragraph 4 and the prayer for relief. Paragraph 4 reads

> Creditor shows that the aforesaid conduct of the Debtor authorizes the Court under 11 U.S.C. § 105(a), § 109(g), § 349(a), and § 1307(c) to dismiss this case with prejudice and to enjoin the Debtor from filing another case for a period of 180 days, or for *In Rem* Relief.

The prayer for relief requests, in relevant part, "(b) an Order enjoining the Debtor from filing another petition for relief under all Chapters of Title 11, United States Code, for 180 days from the date of entry of the Order, and for *In Rem* Relief . . . ." The objection was served on Mr. Hagler, his attorney, and the chapter 13 trustee. Ms. Vindum did not receive a copy of the objection. If she had, it is not at all clear that she would have been on notice that the creditor sought to alter her rights with respect to the property; there is nothing "clear and unequivocal" about this request and its effect on Ms. Vindum's property rights.

3

>    The order that was entered is far more specific: it provides that
>
>> the stay is lifted *In Rem* for the property located at 5440 Granger Place, Fayetteville, NC 28303.  Any subsequent bankruptcy filings by Debtor or any other entity shall not impose an automatic stay as to any efforts [by] Long Beach Mortgage Company, its successors or assigns, to obtain lawful possession of this property.

<u>In re Hagler</u>, Case No. 05-00129-8-ATS (Bankr. E.D.N.C. June 28, 2005). The court record reflects that Ms. Vindum was not served with this order.

The bankruptcy court is a court of equity.  There is nothing before the court that suggests abuse of the bankruptcy process by successive "tag-team" filings; though Mr. Hagler filed three petitions, this is Ms. Vindum's first bankruptcy petition.  Ms. Vindum and Mr. Hagler have the funds available to bring all postpetition payments current within ten days.  Ms. Vindum's chapter 13 plan proposes to pay the arrearage due to Deutsche Bank[1] in the amount of $30,000 through the trustee and to make the postpetition payments directly to the creditor. The objection filed by Long Beach Mortgage in Mr. Hagler's case was insufficient to put any parties on notice that the creditor sought relief as to a co-owner of the property, and the objection was not provided to Ms. Vindum. While the language of the order allowing *in rem* relief is more specific, it also was not provided to Ms. Vindum in time for her to contest its terms.  Accordingly, the court concludes

---

[1] The plan lists the creditor as Washington Mutual Bank, FA, which was the servicer for the loan previously held by Long Beach Mortgage.

that the order entered in Mr. Hagler's case did not operate to preclude the automatic stay from going into effect as to Ms. Vindum's interest in the property.

Based on the foregoing, the motion for relief from stay and to validate the foreclosure sale is **DENIED**, provided that the postpetition payments are brought current within 10 days of the date of this order.

**SO ORDERED.**

**DATED: February 1, 2006**

A. Thomas Small
United States Bankruptcy Judge